RECEIVED
APR - 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BYRON K. RED KETTLE<br>FED. REG. #12497-047 | CIVIL ACTION NO. 08-2029 |
| VS. | SECTION P |
| | JUDGE DRELL |
| HARLEY G. LAPPIN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

On December 24, 2008, *pro se* petitioner Byron Keith Red Kettle filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP). He claims that the BOP have erroneously calculated his sentence and he demands his immediate release. In a Motion for Protective Order and Injunctive Relief filed on January 29, 2009, petitioner asks the Court to order his immediate removal from the custody of the BOP and his placement during the pendency of this proceeding with the United States Marshal's Service. [rec. doc. 6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust

available administrative remedies prior to filing his petition for writ of habeas corpus. It is also recommended that petitioner's Motion for Protective Order and Injunctive Relief [rec. doc. 6], also be **DENIED**.

### *Background*

In 1988 petitioner pled guilty to a charge of kidnaping. The United States District Court for the District of South Dakota sentenced him to life imprisonment. <u>United States v. Red Kettle</u>, No. 5:87-cr-50067 (D.S.D.) He was subsequently sentenced to serve 92 months consecutive to the life sentence following his conviction for assaulting a federal officer. <u>United States v. Byron Keith Red Kettle</u>, No. 5:88-cr-50014.

Petitioner is now in custody at the USPP; his projected release date is June 13, 2009. [rec. doc. 1, Exhibit J, p. 16] However, petitioner contends that he was entitled to be released on May 6, 2008.

Petitioner claims that he has " attempted on numerous occasions at access to 'informal' administrative process as was required [however] [p]etitioner was unable to obtain any kind of response to his informal requests, and was effectively barred from advancing to the next and other 'formal' levels of administrative process." [rec. doc. 1, p. 7] In support of this allegation, petitioner submitted: (1) a copy of a BP-S148.055 Inmate Request to Staff form dated April 23, 2008 directed to

Warden Keffer which stated, "This will request your assistance and intervention with the filing of my grievances as they relate to issues presently pending before the Court, and addressing my continuing federal confinement without authority. (Note: I previously addressed these concerns with Ms. Edenfeild (Asst. Warden) This request is being directed to you due to this on-going lock-down of the institution ...", along with the response of S. Wilhite dated April 24, 2008 stating, "Red Kettle, you comp is being sent to DSCC for release audit. Currently you have a projected release date of 06-13-2009. You have a detainer for 25 years with the State of Nebraska. Your comp seems to be correct..."; [rec. doc. 1, Exhibit K, p. 24];(2) a copy of a BP-S148.055 Inmate Request to Staff form dated August 11, 2008 directed to S. Wilhite, ISM-Office which explained petitioner's calculations in support of his claim that he was entitled to release on May 6, 2008 [rec. doc. 1, Exhibit K, pp. 18-19]; (3) a copy of a BP-S148.055 Inmate Request to Staff form dated September 7, 2008 directed to Warden J. Keffer, which also explained petitioner's calculations in support of his claim that he was entitled to release on May 6, 2008 [rec. doc. 1, Exhibit K, pp. 20-21]; and, (4) a letter addressed to Harley G. Lappin, BOP Director, dated September 14, 2008 which also explained petitioner's calculations in support of his claim that he was entitled to release on May 6, 2008. [rec. doc. 1, Exhibit K, pp.

22-23]

On September 22, 2008, petitioner filed a §2241 habeas corpus petition raising these same claims in the United States District Court for the District of South Dakota. On October 17, 2008, that Court dismissed the petition because it lacked jurisdiction to proceed. Petitioner's Motion for Preliminary Injunction and Motion to reconsider were denied on October 21 and November 13, 2008. Red Kettle v. Lappin, No. 5:08-cv-05075.

On December 24, 2008 petitioner filed the instant petition. On January 29, 2009 he filed a Motion for Protective Order and Injunctive Relief requesting his "immediate removal from custody of the U.S. Federal Bureau of Prisons and placement into temporary custody of the U.S. Marshal's Service - Shreveport, Louisiana for temporary housing pending the resolution of petitioner's petition 28 U.S.C. §2241 presently pending before this court..." [rec. doc. 6]

### *Law and Analysis*

A federal prisoner may challenge the manner in which his sentence is being executed, including the calculation or computation of sentence credits, by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated. However, such prisoners must first exhaust administrative remedies prior to presenting their claims in federal court. See Fuller v. Rich, 11 F.3d 61, 62 (5th

Cir.1994); United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1353-56, 117 L.Ed.2d 593 (1992) (the Attorney General, through the Bureau of Prisons, and not the district courts, administers the sentence of a federal offender, including the computation of credits under 18 U.S.C. § 3585(b) for certain time spent in official detention); see also United States v. Dowling, 962 F.2d 390, 393 (5th Cir.1992) ("[p]risoners may [ ] seek administrative review of the computations of their credit ... and, once they have exhausted their administrative remedies, prisoners only then pursue judicial review of these computations").

The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id. §§ 542.13*, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id. § 542.15*(a). Only after this three-step review

5

process is completed, can a BOP inmate's claim be considered exhausted.

Petitioner admits that he did not exhaust administrative remedies, but claims that the prison administration's failure to respond to his informal grievances prohibited him from seeking further administrative review. However, that is clearly an improper interpretation of the administrative remedies procedures. Pursuant to §542.18, the BOP's failure to timely respond to any grievance must be considered to be a denial at that level requiring petitioner to seek further review at the next level.[1] Thus, assuming the truth of petitioner's claim, the failure of the prison authorities to timely respond to petitioner's informal sentence calculation complaint authorized him to proceed to the next level in the administrative review process. He was not exempted from the exhaustion requirement.

Only when "...the available administrative remedies ... are unavailable or wholly inappropriate to the relief sought, or

---

[1] The Rule states, "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. <u>If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.</u>"

where the attempt to exhaust such remedies would itself be a patently futile course of action...", are inmates exempted from the requirement that they exhaust administrative remedies prior to proceeding with a *habeas* action in court. Fuller, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). Petitioner has not shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement.

Further, this is exactly the type of dispute that may best be resolved through the administrative review process. See Parisi v. Davidson, 405 U.S. 34, 37, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972), "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies."

Petitioner must exhaust his administrative remedies with respect to this issue; his failure to do so should not be excused.[2]

---

[2] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the PLRA does not apply to federal *habeas* proceedings. Nothing in Jones prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds.

In light of the foregoing, it is also appropriate to deny petitioner's Motion for Protective Order and Injunctive Relief. [rec. doc. 6]

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner did not exhaust available administrative remedies prior to filing suit;

**IT IS FURTHER RECOMMENDED THAT** petitioner's Motion for Protective Order and Injunctive Relief [rec. doc. 6] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

---

Further, even in cases governed by <u>Jones</u> and the PLRA, "... a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." <u>Carbe v. Lappin</u>, 492 F.3d 325, 328 (5th Cir.2007). Petitioner's complaint and exhibits make it abundantly clear that he did not complete the BOP administrative remedy procedure prior to filing suit.

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, April 6 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE